**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4313**

———————

UNITED STATES OF AMERICA,

                   Plaintiff – Appellee,

          v.

WILLIAM DEVON MCMANUS,

                   Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:12-cr-00174-CCE-1)

———————

Submitted:  October 31, 2014          Decided:  March 19, 2015

———————

Before GREGORY, DUNCAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Eugene E. Lester III, SHARPLESS & STAVOLA, PA, Greensboro, North
Carolina, for Appellant. Anand P. Ramaswamy, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Devon McManus pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (2012). The district court originally granted a downward variance from the Guidelines to sentence McManus to seventy-two months' imprisonment. On appeal, McManus challenged only the application of a five-level enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 2G2.2(b)(3)(B) (2011), arguing that he should have received only a two-level enhancement under USSG § 2G2.2(b)(3)(F). We agreed, vacated McManus' sentence, and remanded for resentencing. United States v. McManus, 734 F.3d 315, 318-23 (4th Cir. 2013). At the resentencing hearing, the court amended the Guidelines range and varied downward from the amended range to impose a sentence of sixty-three months' imprisonment.

McManus appeals the district court's judgment. His counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but specifically addressing whether the sentence on remand was reasonable and whether the record demonstrates ineffective assistance of counsel or prosecutorial misconduct. McManus has filed a pro se supplemental brief, raising multiple challenges to his conviction and sentence. The Government has declined to file a response brief. We affirm.

2

Initially, although recognizing our obligations under Anders, we conclude that some of the arguments McManus raises in his pro se supplemental brief are barred by operation of the mandate rule. See United States v. Pileggi, 703 F.3d 675, 680 (4th Cir. 2013) (recognizing that party "is not permitted to use the accident of a remand to raise an issue that it could just as well have raised in the first appeal" (internal quotation marks and alterations omitted)); United States v. Susi, 674 F.3d 278, 283-86 (4th Cir. 2012) (describing mandate rule and waiver in resentencing context). Although we have previously recognized certain limited exceptions to the mandate rule, see Pileggi, 703 F.3d at 681-82, we find these exceptions inapplicable to McManus' case. Thus, we conclude that McManus' challenges to his conviction and to the length and conditions of his supervised release term are barred by the mandate rule. Insofar as his jurisdictional challenge to his statute of conviction falls within the scope of our mandate, we find McManus' arguments on this basis unpersuasive. See United States v. Forrest, 429 F.3d 73, 77-79 (4th Cir. 2005) (rejecting the argument that 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(b) as applied to the defendant "exceed[] Congress's Commerce Clause authority because his private intrastate production and possession of child pornography did not substantially affect interstate commerce").

Turning to McManus' sentence of imprisonment, we review for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We first consider whether the district court committed "significant procedural error," such as improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. Gall, 552 U.S. at 51. In assessing Guidelines calculations, we review factual findings for clear error, legal conclusions de novo, and unpreserved arguments for plain error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012).

If we find no procedural error, we examine the substantive reasonableness of a sentence under "the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. See 18 U.S.C. § 3553(a). We presume on appeal that a below-Guidelines sentence is substantively reasonable. Susi, 674 F.3d at 289. The defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

4

We have thoroughly reviewed the record and discern no error in the sentence of imprisonment imposed on remand. The district court properly calculated McManus' Guidelines range, in accordance with this court's direction in his prior appeal. The court provided a detailed explanation for the sentence it imposed, grounded in the § 3553(a) factors, and properly considered evidence of McManus' post-incarceration rehabilitation under Pepper v. United States, 131 S. Ct. 1229 (2011), when imposing a further variance below the Guidelines range. Moreover, McManus fails to rebut the presumption of reasonableness accorded his below-Guidelines sentence. See Montes-Pineda, 445 F.3d at 379. We therefore conclude his sentence is reasonable.

Both counsel and McManus question whether trial counsel was ineffective. We decline to reach these claims in this appeal. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because there is no conclusive evidence of ineffective assistance of counsel on the face of the record, we

5

conclude these claims should be raised, if at all, in a § 2255 motion. Moreover, while counsel addresses prosecutorial misconduct in the <u>Anders</u> brief, we find no colorable evidence of such misconduct on the record.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform McManus, in writing, of the right to petition the Supreme Court of the United States for further review. If McManus requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McManus.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6